UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GREGORY GARRETT BROWN, | ) | CASE NO. 4:17 CV 1753 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| OFFICER MARSHA CAPOSELL, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

Plaintiff *pro se* Gregory Garrett Brown is a federal inmate at the Northeast Ohio Correctional Center ("NEOCC"), a privately-held prison owned by Corrections Corporation of America. He brings this *in forma pauperis* civil rights claim against Defendant NEOCC Officer Marsha Caposell, alleging Caposell refused to open his cell, and that she brought a conduct report against him in retaliation for Brown saying he was going to file a grievance.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ.,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: November 27, 2017  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE